UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HAKEEM HALAJAWON ROSE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-567-JD-MGG |
| STEPHEN ROGER KITTS, II, | |
| Defendant. | |

OPINION AND ORDER

Hakeem Halajawon Rose, a prisoner without a lawyer, filed a complaint against the state court judge presiding over his criminal trial, alleging his bond is unreasonable. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rose alleges that the state court set a bond of $50,000 cash only, with no surety. The judge then denied his motion for a bond reduction for impermissible reasons, saying that "based off [Rose's] families history, [he] knows whats going on." ECF 1 at 2. Rose asserts that his cousin is one of his co-defendants, and he received a $50,000 bond with a 10% surety, allowing him to post bond. Moreover, he asserts that another

criminal defendant who has more serious charges and is more of a flight risk was able to post a surety and be released on bond. Rose asks this court to order the state court to grant him a surety bond.

This case cannot proceed. First, Rose may not sue the judge under 42 U.S.C. § 1983 for money damages for acts taken in a judicial capacity. A judge has absolute immunity for any actions done in the course of a judicial proceeding. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (noting long history of "immunity of judges from liability for damages for acts committed within their judicial jurisdiction"). The bond hearing is part of the judicial phase of the criminal process and therefore the judge cannot be sued for events stemming from the hearing, even if erroneous. *See Cannon v. Newport*, 850 F.3d 303, 307 (7th Cir. 2017) ("[Plaintiff's] claim that the judge set excessive bail in violation of the Eighth Amendment also fails, because the defendants whom he sued are entitled to immunity, having acted either as lawyers for the state or in a judicial capacity."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Therefore, a claim for money damages against the judge cannot proceed.

As for the injunctive relief that Rose seeks, to the extent he is attempting to obtain release from custody, he cannot do so in this action. Instead, his sole remedy lies in habeas corpus. 28 U.S.C. § 2241; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the

fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). "[I]f a prisoner claims to be entitled to probation or bond or parole, his proper route is habeas corpus, even though he is seeking something less than complete freedom." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts abstain from interfering in state court criminal proceedings as long as the state court provides an adequate opportunity to raise the federal claims and "no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979)). Rose will never be able to receive the relief that he wants in a civil lawsuit under § 1983.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it fails to state a claim upon which relief may be granted. The clerk is DIRECTED to close the case.

SO ORDERED on September 1, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT